Harry B. Frank, J.
In this action brought by the plaintiff, International Debutantes Ball, Inc., it appears that one Beatrice Joyce was the owner and had a property right in the name International Debutantes Ball. She filed a certificate of doing business under this name. It appears that her business is that of public relations and promotor of a ball for the introduction of debutantes, both domestic and foreign debutantes. That the original use of the name was to promote a ball, The Debutantes Ball for Little Churches and out of the proceeds were paid her salary and other expenses.
Thereafter two balls were conducted for veterans and subsequently for the present organization, the Kidney Disease Foundation. In 1958 she changed the title by incorporating the name International Debutantes Ball, Inc. She is the sole owner of all of the stock.
She continued her activities to conduct such a ball and undoubtedly the original conduct by the defendant was unfair competition. The defendant did, in fact, make facsimiles of all the printed material and duplicated the manner of advertising their program, their contracts, their committee formations and the script and everything was exactly the same as that of the plaintiff corporation International Debutantes Ball, Inc., which by this time had acquired a secondary meaning.
After the action was instituted to restrain defendant from the use of this particular method of advertising and promoting their own ball under the name of International Debutantes Ball, the defendant National Council of Negro Women, Inc., consented before Judge Streit to remove the word “ International ” from the title of its ball and did, in fact, do so and changed it to Silver Anniversary Ball.
It seems that in the operation of the Silver Anniversary Ball there remained remnants of stationery, advertising material and programming which still retained the name “ International ” in its title but this has been explained by defendant’s witness that these already had been ordered through contract. Since it was expensive enough to change the program cover, the other material was not changed in order to avoid greater economic loss to them. .
*630 It appears to the court that since that time, however, the defendants have studiously attempted to and have done everything to avoid recreating any semblance of similarity between the plaintiff corporation and their ball. They changed the name to “ International Cotillion Ball
The court takes cognizance of the fact that there is no special connotation to be applied to the word ‘1 cotillion ’ The word “ cotillion ” means a dance and it could be a dance of any nature. In this case they elected to hold a dance for the introduction to society of people of Asiatic and Negro extraction as distinguished between the introduction to society by plaintiff corporation of American and foreign women and, in some instances, women of Asiatic extraction, such as Japanese. Since then defendant has studiously refrained from creating any similarity between the two balls.
All exhibits introduced show this is pursuant to a definite plan and the court is assured by the defendant that any resemblance in stationery or advertising matter will be disposed of so there will be no similarity at all in the future.
Certainly the plaintiff acquired no right in the words “ International Cotillion, Inc.” which was formed after the two balls had already been conducted by the defendant under the name “ International Cotillion ”, It certainly was clearly done in an attempt to secure a property right which would prevent the use of this name by the defendant. This will be of no avail since this court recognizes the purpose for which it was incorporated and they acquired no right to restrain the defendant.
The defendant is restrained from using the words “International Debutantes Ball ’ ’ and in any way from simulating their advertising or any other material in the conduct of its ball.
An injunction is granted.
As to the use of the words “International Cotillion” an injunction is denied and the complaint is dismissed, without costs.